221 F.2d 531
 95 U.S.App.D.C. 250, 8 P.U.R.3d 284
 TENNESSEE NATURAL GAS LINES, Inc., Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent, City of Nashville,
Tennessee, Intervenor, Railroad and Public
Utilities Commission of the State of
Tennessee, Intervenor.
 No. 12249.
 United States Court of Appeals, District of Columbia Circuit.
 Argued Nov. 2, 1954.
Decided Dec. 23, 1954.
 
 [95 U.S.App.D.C. 251] Mr. Phil B. Whitaker, Chattanooga, Tenn., for petitioner.
 Mr. Lambert McAllister, Asst. General Counsel, Federal Power Commission, Washington, D.C., with whom Mr. Willard W. Gatchell, General Counsel, Federal Power Commission, and Messrs. Pascal B. Frazier and Louis Flax, Attorneys, Federal Power Commission, Washington, D.C., were on the brief, for respondent.
 Mr. Benson Trimble, Nashville, Tenn., of the bar of the Supreme Court of Tennessee, pro hac vice, by special leave of Court, with whom Messrs. A. Yates Dowell and A. Yates Dowell, Jr., Washington, D.C., were on the brief, for intervenor City of Nashville.
 Messrs. A. Yates Dowell and A. Yates Dowell, Jr., Washington, D.C., entered appearances for intervenor Railroad and Public Utilities Commission of the State of Tennessee.
 Before WILBUR K. MILLER, PRETTYMAN and BAZELON, Circuit judges.
 PER CURIAM.
 
 
 1
 This is a petition to review a rate order of the Federal Power Commission. Petitioner Tennessee Natural Gas Lines, Inc., sells natural gas to a wholly owned subsidiary for distribution in the City of Nashville, and its rates in such sales are subject to the regulatory jurisdiction of the Commission. It operates under certificates of public convenience and necessity issued by the Commission. The company filed a tariff showing increased rates, which tariff the Commission suspended. Agreement was then reached as to all disputed issues, except the allowance as a cost of service of a tax levied under a Tennessee statute and paid under protest by the company. The Commission's finding that this tax was not a proper item of cost of service is the sole issue upon the merits of the petition in this court.
 
 
 2
 The tax is a gross receipts tax imposed by an act which now appears as Section 1248.126 of Williams Code of Tennessee as amended.[1] That statute provides in part:
 
 
 3
 'It is the intention of this item to levy a tax for the privilege of engaging in intrastate commerce carried on wholly within this state and not a part of interstate commerce.'
 
 
 4
 The company protested the imposition of the tax to the Attorney General of Tennessee, who ruled against the company.
 
 
 5
 It is now stipulated that a suit has been filed by the company in the courts of Tennessee to test its liability for the tax. Counsel for the Commission advised us upon the oral argument that, if those courts finally determine that the company is liable for the tax, the inclusion of the amount as a cost of service will be allowed.
 
 
 6
 In this posture of the case the ends of justice will best be served by a remand of the matter to the Commission, with directions that final determination of the rates be postponed until the termination of the Tennessee litigation and that its order disallowing the item be temporarily suspended. In the meantime the funds resulting from the payment of the higher rates should be protected, so that they can be refunded to the company's sole customer in these sales if the ultimate result be to that effect.
 
 
 7
 We have power under the statute to remand for the taking of additional[95 U.S.App.D.C. 252] evidence,[2] and the Tennessee litigation falls within that category under the circumstances. It will be
 
 
 8
 So ordered.
 
 
 
 [1]
 Codified in Sec. 1248.3, Item H, of the Supplement to the Code of Tennessee
 
 
 [2]
 Sec. 19 of the Natural Gas Act, 52 Stat. 831 (1938), 15 U.S.C.A. § 717r(b)